T.C. Memo. 2000-143


UNITED STATES TAX COURT


OSCAR HUGHES, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4752-98.                     Filed April 20, 2000.


<u>Russell Brown</u>, for petitioner.

<u>J. Craig Young</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, <u>Special Trial Judge</u>:  Respondent determined deficiencies of $3,759 and $4,187 in petitioner's 1995 and 1996 Federal income taxes, respectively.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision for each year in issue are: (1) Whether petitioner is entitled to claim dependency exemption deductions for his three children; (2) whether petitioner qualifies as a head of household; and (3) whether petitioner is entitled to an earned income credit.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner was not married during, or as of the close of, either year in issue. He filed timely Federal income tax returns for those years. At the time the petition was filed, petitioner resided in North Charleston, South Carolina.

Petitioner and Delores Hamilton are the natural parents of Oscar Hughes III, born November 15, 1985; Nestoshae Delores Hughes, born November 20, 1986; and Antonio Hughes, born May 28, 1989 (the children). Petitioner and Ms. Hamilton lived together from 1980 until 1988 or 1989; they have never been married to each other.

On May 6, 1994, in response to a Motion for Temporary Relief filed on her behalf in the appropriate local court, Ms. Hamilton was awarded legal custody of the children, and petitioner was ordered to pay child support in the amount of $397 per month, which he did throughout the years in issue. Petitioner was also directed to "provide health and dental insurance coverage through

his employer for the benefit of the * * * children", which he also did throughout the years in issue.

Petitioner has been employed with the Charleston County Public Works Department since 1981 and was so employed during the years in issue. His wages from his employment for those years were $10,719 and $13,716, respectively. Petitioner had no other income during those years. Ms. Hamilton was not employed and had no income during 1995 or 1996. In addition to the child support that she received from petitioner, Ms. Hamilton collected various forms of public assistance on behalf of herself and the children. She did not file a Federal income tax return for either year.

In 1995 and 1996, petitioner lived in a three-bedroom, one-and-a-half-bathroom mobile home that he purchased sometime after separating from Ms. Hamilton; she lived in a public housing project. Petitioner purchased a three-bedroom mobile home so that his daughter could have her own bedroom, and his sons could share a bedroom of their own when the children stayed with him.

The children attended public schools during the years in issue. When school was in session, they lived with Ms. Hamilton at the public housing project. On most weekends during the school year and throughout the summer recess, the children lived with petitioner in his mobile home. When the children lived with him, petitioner incurred expenses for their food, clothing, medical treatments and recreational activities.

Petitioner listed his filing status as a head of household on his Federal income tax return for each year in issue. He did not elect to itemize deductions for either year. Relevant for our purposes, on each return he claimed a dependency exemption deduction for each of his children and an earned income credit. Petitioner computed the earned income credit claimed on each return by treating two of his children as "qualifying" children.

Delores Hamilton did not file a Federal income tax return for any year in issue. For each year she signed a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents.

In the notice of deficiency for each year, respondent changed petitioner's filing status from head of household to single and reduced the standard deduction accordingly. Respondent also disallowed all of the claimed dependency exemption deductions and the earned income credit. No explanations for the adjustments were included in the notices of deficiency.

OPINION

I. Dependency Exemption Deductions

Generally, section 151(c) allows a taxpayer a dependency exemption deduction for each dependent as defined in section 152. The term "dependent" includes certain individuals, such as a son or daughter, "over half of whose support, for the calendar year

* * * was received from the taxpayer (or is treated under subsection * * * (e) as received from the taxpayer)".  Sec. 152(a).

Section 152(e) provides special rules for a child of parents who have not lived together for the last 6 months of the calendar year.  In that situation, the statute provides that if a child receives over one-half of his or her support from his or her parents, the child shall be treated as receiving over one-half of his or her support from the custodial parent, unless, as relevant here, the "custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year," and "the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year."  Sec. 152(e)(2)(A) and (B).  Under those circumstances the child is treated as receiving over one-half of his or her support from the noncustodial parent.

Petitioner relies upon section 152(e) in support of his position that he is entitled to the dependency exemption deductions claimed on his returns.  Respondent argues, primarily, that section 152(e) does not apply because it has not been established that the children received over one-half of their support from their parents.

For purposes of the dependency exemption deduction, support is defined to include "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. Respondent points out that the record does not reveal the exact amount of public assistance that Delores Hamilton received on behalf of the children during the years in issue. Therefore, according to respondent, it cannot be determined whether petitioner and Delores Hamilton provided over one half of the children's support. We disagree. Although the record is not as complete as we would like, we are satisfied that the amount of child support petitioner paid, plus the value of the housing that he provided for the children, plus the cost of the children's medical insurance, plus the incidental expenses he incurred for food, clothing, and entertainment while the children resided at his house, plus whatever support the children received from Delores Hamilton from nonpublic sources, amounted to more than one-half of the children's total support during the years in issue.

We have considered respondent's other argument in support of the disallowances of the dependency exemption deductions here in dispute and find the argument to have no application under the circumstances of this case. Therefore, petitioner is entitled to a dependency exemption deduction for each of his children for each year in issue.

II. <u>Head-of-Household Filing Status</u>

In addition to satisfying other requirements not here in dispute, in order to qualify as a head of household, a taxpayer must maintain as his or her home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of a child of the taxpayer. See sec. 2(b). Respondent argues that petitioner's house was not the principal place of abode for more than one-half of either year in issue of any of petitioner's children. We agree. Although petitioner enjoyed and exercised substantial visitation rights, custody of the children during the years in issue was with Delores Hamilton, and the children resided with her for most of both years in issue. Consequently, respondent's determinations that petitioner does not qualify as a head of household for either year in issue are sustained.

III. <u>Earned Income Credit</u>

Section 32(a) provides for an earned income credit in the case of an eligible individual. Because of his income for each year in issue, petitioner is entitled to an earned income credit only if he is entitled to treat any of the children as a qualifying child, as defined in section 32(c)(3). Among other requirements, to be treated as a qualifying child, the child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year. We have previously found that

this did not occur during either year in issue.  Consequently, petitioner may not treat any of the children as a qualifying child for either 1995 or 1996.  It follows that respondent's determinations disallowing the earned income credits claimed on petitioner's returns are sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.